# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**RICHARD C. RAY,**                                                                                    **PETITIONER**

**v.**                                                                                                           **No. 2:05CV41-P-B**

**WARDEN THOMAS G. TAYLOR, ET AL.**                                                **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the state's July 29, 2005, motion to dismiss the instant *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 as untimely filed under 28 U.S.C. § 2244(d). The petitioner has not responded, and the matter is ripe for review. For the reasons set forth below, the state's motion to dismiss shall be granted.

### Facts and Procedural Posture

The petitioner Richard C. Ray pled guilty to armed robbery in the Second Judicial District of the Circuit Court of Panola County, Mississippi. Ray was sentenced by Order filed August 10, 1999, to serve a term of thirty years, with sixteen years suspended and fourteen years to serve in the custody of the Mississippi Department of Corrections. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The petitioner filed a Motion for Post-Conviction Collateral Relief in the Panola County Circuit Court on July 19, 2002; that court denied the motion for post-conviction relief December 23, 2002. The petitioner then appealed the lower court's denial of relief, and the Mississippi Court of Appeals affirmed that ruling June 1, 2004. *Ray v. State*, 876 So. 2d 1032 (Miss. App. 2004) (2003-CP-00170-COA).

**Discussion**

The instant petition turns on the language in 28 U.S.C. § 2244(d), which sets forth the one-year period of limitation for filing a federal petition for a writ of *habeas corpus*:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d) (1) and (2).

The petitioner did not file a state post-conviction pleading on or before the September 11, 2000, deadline for filing a *federal* petition for a writ of *habeas corpus*. The first post-conviction pleading the petitioner "properly filed" in state court was on July 19, 2002 – some 676 days after the September 11, 2000, deadline for filing his *federal habeas corpus* petition. That pleading did not, therefore, bring the tolling provisions of § 2244(d) into play. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). In addition, the petitioner has not asserted "rare and exceptional circumstances" justifying equitable tolling in this case. *Scott v. Johnson*, 227 F.3d at 263. Finally, mere ignorance of the law by an incarcerated *pro se* prisoner does not justify equitable tolling of the statute of limitations. *Alexander v. Cockrell*, 294 F.3d at 630 (citing *Fisher*). As such, the one-year federal statute of limitation was not tolled in this case.

Under the "mailbox rule," a *pro se* petitioner's federal *habeas corpus* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court.

*Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). The instant federal petition for a writ of *habeas corpus* was filed sometime between the date it was signed – January 31, 2005 – and the date it was stamped filed in the district court – February 7, 2005. The instant petition was thus filed 1,603 days to 1,610 days after the September 11, 2000, federal *habeas corpus* deadline. As discussed above, tolling does not apply to this case. As such, the instant petition shall be dismissed with prejudice and without evidentiary hearing under 28 U.S.C. § 2244(d).

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of October, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE